IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. SANTERSERO, | : | No. 4:06-0688 |
| Petitioner | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, and SUPERINTENDENT EDWARD J. KLEM, | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

### May 11, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 3, 2006, Petitioner Timothy J. Santersero ("Petitioner"), an inmate at the State Correctional Institution at Mahanoy, in Frackville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 ("the Petition"). (Rec. Doc. 1). On April 14, 2006, Magistrate Judge Mannion filed a Report and Recommendation (doc. 3) recommending dismissal of the Petition for the Petitioner's failure to exhaust state court remedies prior to filing the Petition.[1]

---

[1] Magistrate Judge Mannion also recommended that the Petitioner's motion to proceed *in forma pauperis* (doc. 2) be granted.

1

Objections to the Magistrate Judge's Report were due on April 28, 2006 and to date none have been filed. This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On October 17, 2005, the Petitioner was convicted on charges of possession with intent to deliver a controlled substance in the Luzerne County Court of Common Pleas and sentenced to three to six years of imprisonment. Petitioner filed a direct appeal to the Pennsylvania Superior Court, in which he raised federal and state constitutional claims. In the Petition, Petitioner indicates that his direct appeal is still pending.

During the pendency of the direct appeal, Petitioner filed a post-conviction petition in the Luzerne County Court of Common Pleas on December 12, 2005, in which he raised a claim of ineffective assistance of counsel and challenged a denial of a motion to suppress evidence. In the instant Petition, the Petitioner states that his post-conviction petition was dismissed without prejudice on February 8, 2006. Petitioner indicates that he intends to file an appeal of the dismissal of his post-conviction petition, however "appeal of the dismissal of my PCRA has not yet been filed by my appointed counsel." (Rec. Doc. 3 at 2).

On April 3, 2006, Petitioner filed the instant Petition pursuant to §2254, in which he claims violations of his Fourth and Fourteenth Amendment rights in

relation to his conviction.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

Magistrate Judge Mannion aptly and succinctly notes that "federal courts will refrain from addressing the merits of any claim raised by a habeas petitioner that was not properly exhausted in state court."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights."  Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir.

1997). To the extent that any claims have not been properly presented to the state courts, federal courts will dismiss those claims without prejudice, allowing the petitioner to exhaust those claims. See Lines v. Larkins, 208 F.3d 153, 159-160 (3d Cir. 2000).

Magistrate Judge Mannion's review of the Petition clearly and accurately indicates that the Petitioner has yet to exhaust his state court remedies, in light of the fact that he still has a direct appeal pending in the Pennsylvania Superior Court and has yet to file an appeal of the dismissal of his post-conviction petition. His attempt to gain relief from this Court is accordingly premature by a wide measure.

Accordingly, our review of this case obviously confirms Magistrate Judge Mannion's determinations. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 3) is ADOPTED in its entirety.

2. The Petitioner's Motion to Proceed *in forma pauperis* (doc. 2) is GRANTED.

3. The PETITION (doc. 1) is DISMISSED without prejudice for the

Petitioner's failure to exhaust state court remedies.

4. The Clerk is directed to close the file on this case.

                                       S/ John E. Jones III
                                       John E. Jones III
                                       United States District Judge